FILED'11 MAY 23 11:48USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

RICHARD ITHIEL LAING,

        Plaintiff,        Civil No. 10-520-AA

    v.                            ORDER

BRUCE GOLDBERG, et al.,

        Defendants.

AIKEN, District Judge.

    Plaintiff is involuntarily confined at the Oregon State Hospital, after being found guilty except for insanity on a charge of assault in the second degree. Plaintiff filed a pro se complaint under 42 U.S.C. § 1983 alleging that his rights under the Eighth Amendment were violated as a result of assaults by other patients on March 25, 2010 and April 14, 2010. Plaintiff further alleges that "his being attacked (twice) by other patients at OSH was the direct result of available space and the staff's inability to insure patient safety because there are just too many patients confined on Ward 50-C to be effectively monitored." Complaint (#2) p. 5.

1 - ORDER

Defendants move for summary judgment for the following reasons: "(1) claims brought under 42 U.S.C. § 1983 must be based on an individual's personal involvement in depriving a constitutional right and cannot succeed under a *respondeat superior* theory; (2) Defendants did not violate plaintiff's constitutional rights; (3) Defendants are shielded from liability by the doctrine of qualified immunity; and (4) most of the Plaintiff's damages claims are barred by operation of law." Defendants' Motion for Summary Judgment (#33) p. 1-2.

It is well settled that <u>respondeat superior</u> is not a proper basis for liability under 42 U.S.C. § 1983. <u>Monell v. Dept. of Social Services of City of New York</u>, 436 U.S. 658, 691-694 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362, 375-76 (1976); <u>King v. Atiyeh</u>, 814 F.2d 565, 568 (9th Cir. 1987). Absent an allegation that the named state officials were personally involved in the alleged deprivation of constitutional rights, a complaint under 42 U.S.C. § 1983 does not state a claim. See, <u>Boddie v. Coughlin</u>, 583 F. Supp. 352, 356 (S.D.N.Y. 1984); <u>Tunnell v. Office of Public Defender</u>, 583 F. Supp. 762, 767 (E.D. Pa. 1984); <u>Black v. Delbello</u>, 575 F. Supp. 28, 30 (S.D.N.Y. 1983); <u>Knipp v. Winkle</u>, 405 F. Supp. 782, 783 (N.D. Ohio 1974). A supervisor may be liable based on his or her personal involvement in the alleged deprivation, or if there is a sufficient causal connection between the supervisor's alleged wrongful conduct and the alleged deprivation, <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989), but a "supervisor

2 - ORDER

is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), citing Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984).  See also, Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (supervisory liability only when a) actual or constructive knowledge of a pervasive and unreasonable risk of injury; b) deliberate indifference to or tacit authorization of the practice; and c) an affirmative causal link between inaction and the injury). Supervisory officials may also be liable if they "implement a policy so deficient that the policy `itself is a repudiation of constitutional rights' and is `the moving force of the constitutional violation.'" Redman v. County of San Diego, 924 F.2d 1435, 1446 (9th Cir. 1991), cert. denied, 112 S. Ct. 972 (1992) (quoting Hansen v. Black, supra, 885 F.2d at 646, in turn quoting Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987); see also, Jane Doe A v. Special School District, 901 F.2d 642, 645 (8th Cir. 1990)("The individual defendants are subject to personal liability only if it can be proved that they: 1) received notice of a pattern of unconstitutional acts committed by subordinates; (2) demonstrated deliberate indifference to or tacit authorization of the offensive acts; 3) failed to take sufficient remedial action; and 4) that such failure proximately caused injury.").

3 - ORDER

Defendant Bruce Goldberg is the Director of the Oregon Department of Human Services. Concise Statement of Facts (#35) #2. Defendant Strickland was at the time plaintiff filed his complaint, the Interim Superintendent of Oregon State Hospital (OSH). Id. #2.[1] Plaintiff has not alleged that either of these defendants were personally involved in the incidents giving rise to his claims herein or that they knew of the violations and failed to act or prevent them. Because defendants Goldberg and Strickland are the only named defendants in this action, plaintiff's claims fail as a matter of law.

Assuming that plaintiff could name a proper defendant, he has failed to establish that his constitutional rights were violated by the incidents in plaintiff's complaint.

Persons confined in state mental hospitals, even for criminal conduct, are not being punished, and the Eighth Amendment and Article 1, section 16 (cruel and unusual punishment) do not apply. Youngberg v. Romero, 457 U.S. 307, 315-16 (1982). Under Youngberg persons involuntarily committed have a Fourteenth Amendment right to adequate food, shelter, clothing and medical care, and "reasonable safety." 457 U.S. at 324.

To determine if an involuntarily committed patients rights have been violated under the Fourteenth Amendment, it

---

[1] Gregory Roberts has been appointed as the Superintendent of OHS.

4 - ORDER

is necessary to balance "his liberty interests against the relevant state interests." 457 U.S. at 321. In other words, the patients Fourteenth Amendment rights are not absolute but must be balanced against the necessities imposed by institutional care, the unavoidable overcrowding and under-staffing of hospitals, and the wide range of daily decisions and problems faced by staff. Id. At 324.

A hospital is not a prison and hospital administrators must constantly balance the patients' liberty interests in freedom from unnecessary restraint with the affirmative duty to protect patients and staff from unreasonable risks. Id. At 324.

Plaintiff alleges that defendants subjected him to cruel and unusual punishment by failing to limit overcrowding within the hospital. Defendants acknowledge that "the ward in which plaintiff was housed at the time of the attacks was holding 5 more patients than it was scheduled for." Memorandum in Support (#34) p. 5. However, crowded conditions do not in and of themselves, deprive a patient of constitutional rights. Plaintiff has not presented any evidence that defendants failed to provide him with the minimal requirements of food, shelter, clothing, medical care and reasonable safety. In other words, plaintiff has not alleged or established a deprivation of constitutional living conditions.

In addition, there is no evidence that overcrowding precipitated the incidents complained of in plaintiff's

5 - ORDER

complaint. Although the April 14, 2010 altercation was allegedly the result of an argument over personal space in a shared room, plaintiff alleged assailant was a "very disturbed, elderly patient." Complaint (#2), p. 5. The Declaration of Tricia Poindexter states that plaintiff did not report that he had been assaulted and "based on what [she] saw, Mr. Laing was the aggressor." Declaration of Tricia Poindexter (#36) p. 4.

The March 25, 2010 incident involved a patient with a long history of assaulting other patients and staff without warning and was being supervised one-on-one by an OHS staff member when he struck plaintiff without warning. There is no evidence that this assault was due to overcrowding or that hospital staff could have done anything to prevent the assault. Defendants are not constitutionally required to provide plaintiff with an environment that is entirely risk fee. See, *Youngberger*, 457 U.S. at 320.

The crux of plaintiff's claim is that the living conditions at the hospital are crowded. However, a crowded space does not in and of itself constitute an unconstitutional living condition. Plaintiff has not alleged any deprivation of food, shelter, clothing, medical care or reasonable safety that might give rise to a constitutional claim. Accordingly he has failed to state a claim and defendants are entitled to judgment as a matter of law.

Because I find that there was no violation of plaintiff's

6 - ORDER

constitutional rights, it is not necessary to discuss defendants' qualified immunity or damages arguments. There are no genuine issues of material fact remaining in this case and defendants are entitled to judgment as matter of law.

Defendants' Motion for Summary Judgment (#33) is allowed. Plaintiff's Third Motion for Appointment of Counsel (#51) is denied as moot. This action is dismissed with prejudice.

IT IS SO ORDERED

DATED this 20 day of May, 2011.

*Ann Aiken*
Ann Aiken
United State District Judge

7 - ORDER